DARYL B. HALL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hall v. Commissioner
Docket No. 16170-79.
United States Tax Court
T.C. Memo 1981-143; 1981 Tax Ct. Memo LEXIS 601; 41 T.C.M. (CCH) 1169; T.C.M. (RIA) 81143; March 26, 1981. Daryl B. Hall, pro se. Edward J. Laubach, Jr., for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined a deficiency in petitioner's Federal income tax in the amount of $ 7,095 and an addition to tax under section 6653(a) [1] in the amount of $ 354.75 for the taxable year 1977. The issues for decision are: (1) whether certain amounts earned by petitioner in 1977 are excluable from his gross income because he was a member of a religious order which deemed him to be a "church personally" and which required him to take a vow of poverty *602 and turn over the salary earned in his individual capacity to himself in his church capacity, which church then paid his personal, living and family expenses; (2) whether petitioner is entitled to a charitable contribution deduction under section 170(c); and (3) whether he is liable for the addition to tax under section 6653(a). FINDINGS OF FACT None of the facts have been stipulated. This case was tried in Pittsburgh, Pennsylvania on September 15, 1980 at which time testimony was taken and exhibits were received in evidence. Daryl B. Hall (petitioner) resided in Perrsburg, Ohio at the time he filed his petition herein. During the taxable year 1977 various companies employed petitioner as a boilermaker and paid him a total of $ 26,150. He included this amount on his Federal income tax return for 1977, but later listed the $ 26,150 in the space provided for itemized charitable deductions (Form 1040, Schedule A). He then subtracted this figure from his total wages, thus reducing his taxable income shown on the return and his tax liability to zero. He indicated on the return that the entire year's income was turned over to the Basic Bible Church of America and its religious *603 order, the Order of Almighty God. On March 31, 1977, petitioner was ordained a minister, received the degree of Doctor of Divinity, and was chartered [2] as a subsidiary or auxiliary church of the Basic Bible Church of America. On the same day the petitioner executed a set of bylaws [3] for the Order of Almighty God, Chapter 7093 of the Basic Bible Church. These bylaws provide that petitioner is the head of Chapter 7093 and his wife is a trustee. [4] Trustees have no vote in Chapter 7093 and act only in an advisory capacity. On April 2, 1977, petitioner executed a notarized *604 vow of poverty. Although the head of Chapter 7093 must take a vow of poverty, he retains sole power to hold, control and dispense the funds and property of the chapter. On or about the same time petitioner received a letter from Jerome Daly, Archbishop and President of the Basic Bible Church of America, directing and requiring him to be employed as a boilermaker and dealer in household cleaning products and to use the remuneration therefrom as a "vehicle and instrument to carry out and put into effect the principles of the Church and Order." Before and after his ordination petitioner worked as a boilermaker for various corporations. [5] After petitioner's ordination, and pursuant to his vow of poverty, he deposited his salary checks into a checking account in the name of Chapter 7093 from which either petitioner or his wife could withdraw funds. Petitioner and his wife used the funds so deposited for their personal, living and family expenses. *605 Petitioner described his faith thusly: "I am Church personally. My own mind is my own Church. Whereever I was, there the Church was also. I worship in my own mind. My head is my Church building. My body is my temple." He described his religious activities during 1977 as religious worshipping by meditation and silent prayer on the job, and religious preaching by setting a good example on the job and distributing Basic Bible literature and sacramental multiple vitamins. He did not have a regular congregation or church building, nor did he officiate at any marriages or funerals. He did not keep records regarding Chapter 7093's membership, income and expenses. Chapter 7093 provided for all of his needs during 1977. Petitioner was unable to identify any charitable activities which Chapter 7093 engaged in during 1977. Jerome Daly, Archbishop and President of the Basic Bible Church of America, explained petitioner's admission to the Basic Bible Church. Raymond Hartman, a Bishop of the Basic Bible Church and Dean of the Basic Bible College, explained the religious training petitioner received. OPINION The facts of this case and the arguments made by the parties are virtually *606 identical to those in McGahen v. Commissioner, 41, (March 26, 1981). Our opinion in the McGahen case is dispositive of this case. Accordingly, we hold that the petitioner must include in his 1977 income the amounts he earned (not the church) as a boilermaker and that he is not entitled to a charitable contribution deduction under section 170(c) for the amounts he claimed he turned over the Chapter 7093 of the Basic Bible Church. Petitioner has failed to prove that he is not liable for the addition to tax under section 6653(a) for negligence or intentional disregard of rules and regulations. ; . Therefore, we sustain respondent's determination. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year at issue, unless otherwise indicated.↩
2. Except for the petitioner's name, this charter is identical to the charter set out in McGahen v. Commissioner↩, 41, n. 2, (March 26, 1981). 3. Except for petitioner's name these bylaws are identical to those set out in McGahen v. Commissioner↩, 41 n. 3 (March 26, 1981). 4. The bylaws indicate that the only trustee was Joyce Hall who was petitioner's wife at that time. She filed her income tax return for 1977 separately. The Halls were later divorced. At trial the petitioner indicated that his mother and father and a friend were also trustees.↩
5. On his 1977 income tax return the petitioner did not separate his pre-ordination and post-ordination income and expenses. Because the parties have not addressed this issue and because of our holding herein, we will not discuss it further.↩